CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 27 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

FRED LEWIS WILSON,          )
                                      )
    **Plaintiff,**               )      **Case No. 7:09CV00418**
                                        )
**v.**                                   )
                                      )      **MEMORANDUM OPINION**
                                      )
WARDEN TRACY RAY, ET AL.,    )      **By:  Glen E. Conrad**
                                      )      **United States District Judge**
    **Defendants.**           )

Plaintiff Fred Lewis Wilson, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.  In his complaint, Wilson alleges that the defendant prison officials acted with deliberate indifference to dangerous conditions in the inmates' shower, in violation of his Eighth Amendment rights.  Upon review of the record, the court finds that the complaint must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

## Background

Wilson alleges the following sequence of events on which his claim is based.  On July 4, 2009, Wilson found a "large piece of plexiglass broken off of [a] shower stall door in B5 pod shower" at Red Onion State Prison.  The plexiglass fragment was "hidden under the shower mat."  Wilson gave it to Sgt. Collins and made a statement in the office on video concerning a "potential stabbing plan" he had overheard and his belief that inmates were "remov[ing] plexiglass from the shower in order to craft weapons."  Collins did not order the showers closed.  Wilson also gave a sworn statement to the institutional investigator that same day about the dangers presented by the plexiglass in the shower.  He mailed a similar written statement to Red Onion's warden on July 6, 2009.  His statement to the warden reported that Wilson had found another piece of plexiglass in the shower and intended to send it to the health department "if the showers were not closed and repaired."  According to Wilson, nothing was done about the

shower problem. When Wilson pursued this issue by utilizing the institution's administrative remedies procedure, staff responses informed him that the shower problem "did not concern him."

While in the shower on July 23, 2009, Wilson "accidently" stepped on a "tiny sliver of razor sharp plexiglass while washing [the] bottoms of [his] feet." He suffered three cuts to his foot, including one deep puncture. He complains that these injuries exposed him to a risk of contracting a blood-borne disease, such as HIV or hepatitis. He knows at least one inmate who has hepatitis and once cut himself while using the same shower. Even after Wilson reported his injury, prison authorities did not close the shower. On August 4 and 11, Wilson found more pieces of plexiglass and turned them over to Collins. Twenty-one days later, the shower door was repaired. Wilson also asserts that he has been subject to "direct reprisals" related to the shower incident.

The court filed Wilson's complaint conditionally and advised him to provide additional details in support of his claim, regarding the extent of his injury and what medical treatment, if any, the injury required. Wilson responded with a "Notice and Memorandum" to the court, stating that as a result of the known, hazardous conditions in the shower, he suffered a physical injury as well as a "potentially life threatening risk from contracting HIV, [hepatitis] and or other blood borne virus," which has caused him significant mental anguish.

### Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the

complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The inquiry of federal courts into prison management under §1983 is limited to whether a particular action or practice violates any constitutional provision. Outside this inquiry, courts must leave judgment calls to the expertise of prison officials. See Block v. Rutherford, 468 U.S. 576, 588 (1984) (courts cannot substitute their own judgment on institutional management for that of prison officials).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates "an unreasonable risk of serious damage to his future health," see Helling v. McKinney, 509 U.S. 25, 31 (1993).

To satisfy the subjective element of a conditions claim, plaintiff must show that the defendant officials acted with deliberate indifference toward a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed and that he actually drew that inference. Id. at 837. Then, plaintiff must show that the official disregarded the risk by failing to take "reasonable measures" to alleviate the risk. Id. at 832.

Under these principles, the court concludes that even taking Wilson's allegations in the light most favorable to him, he fails to state any claim of constitutional proportions. First, he fails to demonstrate that the cuts to his foot constituted serious or significant injury as required under Strickler, 989 F.2d at 1380-1381. He does not allege that the wounds bled significantly or that he sought or required any medical treatment whatsoever for the injury. Second, he presents no facts whatsoever in support of his speculative fear that he might contract HIV or hepatitis from the combination of conditions he alleges. Thus, he fails to demonstrate that shower conditions present an unreasonable risk of damage to his future health as required to state an Eighth Amendment claim under Helling, 509 U.S. at 35. As such, he has not shown that his mental distress over the matter is based in reality so as to qualify as a "serious or significant injury" under Strickler, 989 F.2d at 1380-1381. See also Wallace v. Carver, No. 2:06-CV-780 DS, 2008 WL 4154413, *3 (D. Utah Sept. 2, 2008) (unpublished) (dismissing inmate's claim that he was forced to bathe in unsanitary shower barefoot or wearing thong sandals that were too small because plaintiff alleged no evidence that he faced significant risk of contracting HIV or hepatitis, despite fact that other inmates with these diseases used same shower); Ashann-Ra v. Com. of Va., 112 F. Supp.2d 559, 566 (W.D. Va. 2000) (dismissing inmate claim that "he contracted, or stood a substantial risk of contracting, hepatitis or any other life-threatening disease from contact with infected semen on a shower floor").

Furthermore, Wilson's allegations do not demonstrate that prison officials reacted unreasonably to whatever possible risk of harm the broken shower door posed to Wilson and other inmates. The door was replaced within two months of the day when Wilson reported finding the first piece of broken plexiglass. It is not for Wilson, or the court, to decide whether closing the shower in the meantime was the most efficient way to alleviate the problem he identified, in light of the many factors prison administrators must weigh in such circumstances. Block, 468 U.S. at 588. Red Onion undoubtedly has other measures in force to maintain the security of the facility. Moreover, officials could reasonably have believed that inmates would

- 4 -

see and avoid shards of plexiglass in the shower and that an inmate who cut his foot and worried about being exposed to germs in the shower could avoid the risk Wilson fears by simply foregoing showering for a few days until his foot healed. As Wilson's allegations do not satisfy either the objective or the subjective aspect of the Eighth Amendment standard under <u>Seiter</u>, 501 U.S. at 298, the court must dismiss Wilson's deliberate indifference claim with prejudice, pursuant to § 1915A(b)(1), for failure to state an actionable claim under § 1983.

Finally, Wilson fails to allege any facts in support of his bald assertion that he has suffered retaliatory actions from prison officials related to the shower problems. Conclusory allegations of retaliation by government officials are insufficient to state any actionable claim under § 1983. <u>Adams v. Rice</u>, 40 F.3d 72, 74 (4th Cir. 1994). Even after being given an opportunity to amend his complaint to state specific facts in support of his claims, Wilson fails to allege any facts regarding adverse actions taken against him as a result of his exercise of any constitutionally protected right. <u>Id.</u> at 75 ( requiring proof that alleged retaliatory act "was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right"). Therefore, his retaliation claim must be dismissed, pursuant to § 1915A(b)(1).

### Conclusion

For the stated reasons, the court is satisfied that Wilson cannot prove facts consistent with his current allegations that would state any claim actionable under § 1983. Accordingly, his complaint will be dismissed with prejudice, pursuant to § 1915A(b)(1). An appropriate order will enter this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of October, 2009.

United States District Judge